**F I L E D**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**April 24, 2006**

**TENTH CIRCUIT**

GARY LEE TIGER,

      Petitioner - Appellant,

v.

RANDALL WORKMAN, Warden,[*]

      Respondent - Appellee.

No. 05-5192
(D.C. No. 04-CIV-171-TCK-SAJ)

**ORDER**

Submitted on the briefs:[**]

Gary Lee Tiger, pro se.

Before **HARTZ, EBEL,** and **TYMKOVICH**, Circuit Judges.

**EBEL**, Circuit Judge.

---

[*] Randall Workman replaced Reginald Hines as Warden. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Workman is substituted for Mr. Hines as the Respondent in this action.

[**] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-Appellant Gary Lee Tiger ("Tiger"), a state prisoner appearing pro se, seeks a certificate of appealability ("COA") in order to challenge the district court's denial of habeas corpus relief pursuant to 28 U.S.C. § 2254. As Tiger has not shown that the district court's decision is reasonably debatable, we DENY his request.

## BACKGROUND

In 2002, Tiger was convicted of both forcible oral sodomy and second degree rape in an Oklahoma state court. The trial court sentenced Tiger to twenty years' imprisonment for forcible oral sodomy and fifteen years' imprisonment for second degree rape (to be served consecutively) and fined him a total of $20,000. On direct appeal, Tiger raised three errors: (1) failure to properly instruct the jury on the elements of forcible oral sodomy; (2) failure to instruct the jury on the lesser-included offense of oral sodomy; and (3) excessive sentence. The Oklahoma Court of Criminal Appeals rejected Tiger's arguments and affirmed his conviction and sentence.

Tiger then sought post-conviction relief in Oklahoma state court, raising seven errors: (1) insufficient evidence; (2) failure to prove him guilty beyond a reasonable doubt; (3) denial of his speedy trial right; (4) prosecutorial misconduct; (5) abuse of discretion by the trial judge in denying Tiger a fair trial; (6) ineffective assistance of trial counsel; and (7) ineffective assistance of

appellate counsel. The state court found claims one through 5 to be procedurally barred and rejected the ineffective assistance claims on the merits. On appeal, the Court of Criminal Appeals affirmed the judgment of the trial court on the ineffective assistance of appellate counsel claim and found all of the other claims to have been waived.

In March 2004, Tiger filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court, raising all ten errors asserted in the state courts. The district court denied Tiger's petition, finding that his claims either failed to merit habeas relief or were procedurally barred. Tiger now seeks a certificate of appealability on two issues: failure to instruct the jury properly on the elements of forcible oral sodomy and failure to instruct the jury on the lesser-included offense of oral sodomy.[1]

## DISCUSSION

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), that is, he must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[1] In his application for a COA, Tiger lists all ten of the issues presented to the federal district court as "[i]ssues to be raised on appeal." However, he presents argument only on the two jury instruction issues. Thus, the other issues are waived. See Utah Envtl. Congress v. Bosworth, 439 F.3d 1184, 1194 n.2 (10th Cir. 2006).

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Where a state court has adjudicated a claim on the merits, habeas relief may only be granted if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).

**1. Failure to Instruct Properly on the Elements of Forcible Sodomy**

In Oklahoma, forcible sodomy requires a showing of, inter alia, the use of force or violence or the commission of the sodomy "upon a person incapable through mental illness or any unsoundness of mind of giving legal consent." See Okla. Stat. tit. 21 § 888. The instruction provided to the jury in this case included the "unsoundness of mind" alternative rather than the "use of force" alternative. On direct appeal, the Court of Criminal Appeals found that the giving of this instruction was erroneous, but that the error did not merit reversal because Tiger's counsel "invited" the error by specifically agreeing to the jury instruction.

Unless the constitution mandates a jury instruction be given, a habeas petitioner must show that, in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny the petitioner due process. See

- 4 -

Middleton v. McNeil, 541 U.S. 433, 437 (2004); Spears v. Mullin, 343 F.3d 1215, 1244 (10th Cir. 2003). The district court found that the giving of the erroneous instruction was not fundamentally unfair when Tiger's counsel invited the error. In his application for a COA, Tiger provides no argument to persuade us that this decision was reasonably debatable,[2] nor do we have any reason to believe that the "invited error" doctrine is so fundamentally unfair that its application was contrary to clearly established federal law. As the issue does not merit further consideration, we deny Tiger's application for a COA.

## 2. Failure to Instruct on the Lesser-Included Offense of Oral Sodomy

Tiger also claims the district court erred in its dismissal of his claim that he is entitled to habeas relief because the jury was not instructed on the lesser-included offense of oral sodomy. However, as the district court recognized,

> [t]he Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, and neither has this court. Our precedents establish a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction.

---

[2] Tiger claims that it "is irrelevant" that "Defense Counsel did not argue" that the jury instruction was improper, and that it was the trial court's job to ensure the instruction was not erroneous. However, the issue is not that counsel failed to argue against the instruction, but rather that counsel affirmatively agreed to the erroneous instruction. Though Tiger argued ineffective assistance of trial counsel in his initial habeas petition based, in part, on counsel's agreeing to the instruction, he does not seek a COA on this issue.

<u>Dockins v. Hines</u>, 374 F.3d 935, 938 (10th Cir. 2004) (citations omitted).  Thus Tiger "cannot raise a debatable claim that he is entitled to habeas relief on this ground."  <u>Id.</u>

## CONCLUSION

For the foregoing reasons, Tiger's application for a COA is DENIED and his appeal is DISMISSED.