F I L E D
United States Court of Appeals
Tenth Circuit

November 14, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES SIMS,

      Petitioner-Appellant

v.

GARY WATKINS and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 05-1463
(D.C. No. 03-CV-00131-WDM-PAC)
(Colorado)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

James Sims, a Colorado state prisoner proceeding *pro se*, seeks a certificate

of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C.

§ 2254 habeas petition.[1]  He also seeks leave to proceed *in forma pauperis* (*ifp*)

on appeal.  We grant his motion for *ifp* status but deny his application for a COA.

Mr. Sims was charged with one count each of first-degree sexual assault,

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1] Because he is proceeding *pro se*, we review Mr. Sims' pleadings and
filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

sexual assault on a child, enticement of a child, contributing to the delinquency of a child; and two counts of committing a crime of violence in connection with the two sexual assault counts. The following evidence was introduced at trial.

Over the course of several hours on or around February 4, 1998, Mr. Sims and Samuel Ravenell plied the thirteen year-old victim and her friend, K.R., with marijuana, crack cocaine, and alcohol. After driving around and making several stops, Mr. Sims drove Mr. Ravenell, K.R. and the victim to a motel where they continued to smoke crack and drink alcohol. After about an hour, Mr. Sims and Mr. Ravenell turned off the lights, saying they wanted to go to sleep. Mr. Ravenell and K.R. lay in one bed, while Mr. Sims and the victim lay in the other. Mr. Sims asked the victim to get under the covers with him and she complied. Although the victim was fully clothed, she discovered upon getting under the covers that Mr. Sims was naked from the waist down. Mr. Sims asked repeatedly if he could perform oral sex on the victim, and she repeatedly told him no.

Mr. Sims then got on top of the victim, held her hands over her head with one hand and removed her pants and underwear with the other. Mr. Sims then penetrated the victim vaginally with his penis and had sexual intercourse with her. Afterward, the victim called her mother who retrieved her and K.R. from the motel parking lot. The victim eventually informed her mother she had been raped. Her mother drove the victim to the hospital where she was examined by two sexual assault nurses and questioned by a police detective.

The victim exhibited a half-centimeter tear and multiple abrasions in the vaginal area. Detectives investigating the crime scene found hair and semen samples, but none were traceable to Mr. Sims. Mr. Sims did not testify, nor did K.R. or Mr. Ravenell. The only witness to the crime to testify was the victim.

At the close of the evidentiary portion of the trial, the court consulted with counsel in chambers regarding the jury instructions. That conversation was not on the record, but it appears the state agreed to drop the count of contributing to the delinquency of a minor and the two crime of violence counts in exchange for instructions containing the elements of a crime of violence within the first-degree sexual assault and the sexual assault of a child counts.

The next morning, the court stated on the record that it had "prepared the instructions of law," and asked whether the state had any objections to the instructions. Tr. at 381. The prosecutor answered in the negative, adding that it was his "understanding that while [the state] dropped the specific crime of violence [counts], it is the understanding of both the Court and counsel that [the remaining counts are] crimes of violence . . . and, if [Mr. Sims is] convicted, require mandatory sentence[s]." *Id*. The court then stated that "the critical elements that would make [the counts of first-degree sexual assault and sexual assault of a child] crimes of violence are subsumed inside the elements of the instructions" for those counts. *Id*. The prosecutor replied "yes, sir." *Id*. The court then asked Mr. Sims' attorney if its understanding was correct, and he

-3-

replied that he "believe[d] they're part of the charges, Judge." *Id.*

The court erroneously instructed the jury that they were to find Mr. Sims guilty of first-degree sexual assault if he knowingly inflicted sexual penetration on the victim and caused her submission through the actual application of physical force, or if he knowingly inflicted sexual penetration on the victim and caused her bodily injury. The jury convicted Mr. Sims of first-degree sexual assault, sexual assault of a child, and enticement of a child.

The Colorado Court of Appeals affirmed Mr. Sims' conviction, and the Colorado Supreme Court denied certiorari. Mr. Sims timely filed the present § 2254 petition, presenting the following four claims: (1) he was denied his right to a fair trial because the jury instructions were erroneous; (2) his conviction for enticement of a child was not supported by sufficient evidence; (3) the trial court violated his rights under the Sixth Amendment by refusing to permit the entrance of evidence of the victim's prior sexual conduct and prior false report of a sexual assault; and (4) his Sixth Amendment rights were violated when the trial court allowed the state to elicit prejudicial hearsay statements from the victim's mother. A magistrate judge recommended dismissing Mr. Sims' petition, and the district court adopted the magistrate judge's recommended ruling. Mr. Sims now seeks a COA to challenge the district court's dismissal of his § 2254 petition.

A "COA may not issue unless 'the applicant has made a substantial showing of the denial of a constitutional right.'" *Slack v. McDaniel*, 529 U.S. 473,

483 (2000) (quoting 28 U.S.C. § 2253(c)).

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Id.* at 483-84 (internal quotation marks omitted). Accordingly, "[w]here a district court has rejected the constitutional claims on the merits," as the court here did in part, "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When the district court denies a habeas petition on procedural grounds, as the court here also did in part,

> a COA will issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

The district court dismissed Mr. Sims' first claim on procedural grounds and his remaining claims on the merits. We conclude the district court's determination that it was barred from reviewing Mr. Sims' first claim on the ground that it was "procedurally defaulted" in the state courts is debatable. *See Tiger v. Workman*, 445 F.3d 1265, 1267-68 (10th Cir. 2006) (treating state court's determination that "invited error" doctrine prevented relief as to erroneous jury

instructions as adjudication on the merits, not as procedural bar). However, our inquiry does not end there. Mr. Sims must also show that "jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484.

We have stated that "[u]nless the constitution mandates a jury instruction be given, a habeas petitioner must show that, *in the context of the entire trial*, the error in the instruction was so fundamentally unfair as to deny the petitioner due process." *Tiger*, 445 F.3d at 1267 (emphasis added). For substantially the same reason as the magistrate judge found Mr. Sims' ineffective assistance of counsel claim to be without merit, we conclude his contention that he was denied a fair trial due to an erroneous jury instruction is also without merit. Our review of the record convinces us the magistrate judge correctly concluded Mr. Sims failed to show he suffered prejudice as a result of the jury instruction. The magistrate judge stated, and we agree that,

> [t]he state court record reflects that the question of whether [Mr. Sims] caused the victim's submission to sexual intercourse by force, or by any other means, was not a disputed issue at trial. Similarly, the manner in which [Mr. Sims] accomplished the sexual contact was not disputed at trial. [Mr. Sims'] defense was that he did not have sex with the victim and he sought to prove his case through impeachment of the victim's credibility and a lack of forensic evidence placing him at the crime scene. The jury was free to accept [Mr. Sims'] defense, but chose to convict him. Once the jury rejected [Mr. Sims'] theory of the case, the jurors could not reasonably have concluded that [Mr. Sims] did not use physical force to cause the victim to submit to sexual intercourse. The victim's testimony that [Mr. Sims] used physical force was uncontested.

Rec., vol. I, tab 20 at 11 (citation omitted). The jury instruction did not make the jury more likely to believe Mr. Sims had sex with the victim when his sole defense was that he did not. He has failed to show that the result of his trial would have been different but for the erroneous instruction. Thus, we conclude he has not presented "a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484.

Mr. Sims' remaining claims were all rejected on the merits. Following a careful review of the record, we conclude he has failed to show any of the alleged errors resulted in prejudice, and thus has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. We **GRANT** Mr. Sims' request to proceed *ifp*, **DENY** his application for a COA, and **DISMISS** the appeal.

Entered for the Court


Stephanie K. Seymour
Circuit Judge