**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRAVIS LEORNAL KIBBE,

Petitioner-Appellant,

v.

GREGG WILLIAMS, Warden,

Respondent-Appellee.

No. 10-7022
(D.C. No. CIV 06-478-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

Petitioner Travis Leornal Kibbe appeals from the district court's dismissal of his

28 U.S.C. § 2254 petition. After consideration of the issues raised by Kibbe, we deny his

request for a certificate of appealability.

I.      **Background**

On November 30, 2001, James Gibson stabbed Kibbe after the two of them, along

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with Kibbe's wife, had apparently been sniffing paint to get high. Kibbe was in the hospital for ten days and spent several additional months regaining his strength.

The following summer, on July 8, 2002, Kibbe saw Gibson sitting on a bench outside a Wal-Mart. According to the evidence presented at trial, Kibbe walked up to Gibson, asked him if he was James Robert Gibson and, upon Gibson answering in the affirmative, Kibbe stabbed Gibson in the neck. Gibson died of his wound at the scene. Kibbe went to a friend's house and told his friend that he stabbed Gibson. Afterwards, he went home and, upon learning that Gibson had died, told his wife and two neighbors that "I meant to kill the son of a bitch." (Report and Recommendation at 5 (quoting trial transcript).)

Kibbe was arrested and relied principally on a self-defense theory at trial. He was convicted of murder in the first degree in Sequoyah County District Court in Oklahoma and sentenced to life in prison. His conviction was upheld on direct appeal in Oklahoma, and his petition for post-conviction relief was denied by the Oklahoma state courts.

He then brought this habeas action pursuant to § 2254, advancing twelve grounds for relief. The district court adopted the report and recommendation of the magistrate judge, denying relief and dismissing the action. Judgment was entered on March 31, 2010. Kibbe then filed a timely notice of appeal, and the district court denied him a certificate of appealability (COA).

After filing his notice of appeal, Kibbe filed two motions in the district court premised upon an issue not raised in his original habeas petition. In the first motion,

entitled "Motion to Alter or Amend Judgment," he requested that the district court amend its judgment, pursuant to Federal Rule of Civil Procedure 59(e), and that it consider an additional ineffective assistance of counsel claim: that his trial counsel was ineffective for failing to present an insanity defense. The second substantive post-judgment motion he filed was a "Motion to Supplement Habeas Corpus Petition or Hold Proceeding in Abeyance," in which he sought to amend his habeas corpus petition, pursuant to Federal Rule of Civil Procedure 15, by adding the new ineffective assistance claim, or to hold the petition in abeyance while he sought to exhaust the claim in state court. While these motions were pending in the district court, this court tolled briefing and abated the appeal while the district court resolved the Rule 59 motion. On May 14, 2010, the district court denied both motions, concluding that no grounds justified permitting Kibbe to amend the original habeas petition, after judgment was entered, by adding an additional, unexhausted claim. He did not file a notice of appeal, or amend his prior notice of appeal, in light of this order.

## II.    Discussion

Kibbe seeks a COA from this court, as he may not appeal in the absence of a COA. See 28 U.S.C. § 2253(c)(1). To obtain a COA, Kibbe must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000)

3

(quotations omitted).

Kibbe has identified seven issues in his application for a COA, but several of these concern the same claim: his claim that counsel was ineffective for failing to raise an insanity defense. This claim was not included in his original habeas petition. The first time he presented this claim to the district court was in the two post-judgment motions mentioned above, filed after the district court had already denied his habeas petition and entered judgment accordingly, and after he had already filed his notice of appeal.

We thus face the preliminary question of whether this claim is properly before us, as the claim is not included in the notice of appeal. We possess jurisdiction to address only those issues raised in the notice of appeal. Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997). Kibbe's notice of appeal, however, concerned only the district court's judgment, on March 31, 2010, denying his original habeas petition. He never filed a subsequent notice of appeal including the denial of his Rule 59(e) motion, nor did he seek to amend his original notice of appeal. See Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a Rule 59(e) motion] must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."); see also Fed. R. App. P. 3(c)(1)(C) (stating that a notice of appeal must "designate the judgment, order, or part thereof being appealed"); Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (exercising jurisdiction over the appeal of a denial of a Rule 59(e) motion because the plaintiff filed a separate notice of appeal relating specifically to the

4

Rule 59(e) denial). Therefore, we lack jurisdiction to consider the claims raised by Kibbe in his Rule 59 motion.[1]

Kibbe's remaining issues do not merit issuance of a COA, either. Kibbe raises a couple of evidentiary issues that he claims deprived him of a fair trial—specifically, the introduction of an autopsy photograph of the victim and the introduction of other bad acts evidence—but neither of these alleged errors approach the high standard for finding constitutional error. See Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) ("We may not provide habeas corpus relief on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." (internal quotations omitted)). We are similarly unconvinced that the failure to include a jury instruction on voluntary intoxication rose to the level of constitutional error. See Tiger v. Workman, 445 F.3d 1265, 1267 (10th Cir. 2006) ("Unless the constitution mandates a jury instruction be given, a habeas petitioner must show that, in the context of the entire trial, the error in the instruction was so fundamentally unfair as to deny the petitioner due process."). Finally, we find no merit to Kibbe's claim that the magistrate judge applied the wrong standard to determine whether several of his claims were procedurally barred. The magistrate judge employed the familiar cause-and-

---

[1] Nor do we have jurisdiction over Kibbe's Motion to Supplement Habeas Corpus Petition or Hold Proceeding in Abeyance. That motion was filed after judgment was entered, and was thus either (1) an attempt to file a second or successive petition for habeas relief—which is prohibited, at least under these circumstances, by 28 U.S.C. § 2244(b)(2)—or (2) a post-judgment motion that is not raised in the notice of appeal. Either way, this court lacks jurisdiction to consider it.

prejudice or fundamental-miscarriage-of-justice standard, which remains the appropriate standard to apply when considering whether procedural default bars review of the claim by a federal court. See Welch v. Workman, 607 F.3d 674, 685 (10th Cir. 2010) ("We may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." (internal quotations omitted)). Therefore, issuance of a COA is inappropriate because none of these claims provide a ground upon which "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner," nor do these claims "deserve encouragement to proceed further." Slack, 529 U.S. at 484 (quotations omitted).

## III.    Conclusion

Accordingly, we DENY Kibbe's application for a COA.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

6