FILED
United States Court of Appeals
Tenth Circuit

May 29, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OMAR JAMON HILL,

     Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Director,

     Respondent - Appellee.

No. 17-6240
(D.C. No. 5:15-CV-00257-M)
(W.D. Oklahoma)

_____

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Omar Jamon Hill seeks a certificate of appealability (COA) from the district

court's denial of his pro se petition for federal habeas relief pursuant to 28 U.S.C.

§ 2254.[1] For the reasons below, we deny a COA and dismiss this appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Hill appears pro se, we must construe his arguments liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, we will not act as Mr. Hill's advocate, *see id.*, and our liberal construction of his arguments does not relieve him of "his burden of presenting sufficient facts to state a legally cognizable claim," *see White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996).

## I.    BACKGROUND

On November 21, 2010, M.R., the twenty-month-old daughter of Mr. Hill's girlfriend, died after suffering from blunt force trauma to her chest, abdomen, and back. Mr. Hill claimed that M.R. had spent the morning downstairs with her five-year-old brother, R.B., and four-year-old brother, I.B., and that by the time he went downstairs, M.R. had already been injured and was unresponsive. Following an investigation, which included forensic interviews of R.B. and I.B., the medical examiner ruled M.R.'s death a homicide. The state charged Mr. Hill with first-degree murder and after trial, the jury returned a verdict of guilty. The trial court sentenced Mr. Hill to life imprisonment. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) upheld Mr. Hill's conviction and sentence. *Hill v. State (Hill I)*, No. F-2012-204 (Okla. Crim. App. Mar. 14, 2014).

Mr. Hill then filed a timely 28 U.S.C. § 2254 petition for federal habeas relief, raising four claims: (1) ineffective assistance of counsel (IAC); (2) violation of due process and the right to present a complete defense; (3) improper admission of opinion testimony; and (4) cumulative error. *Hill v. Allbaugh (Hill II)*, No. CIV-15-257-M, 2017 WL 4833486 (W.D. Okla. Aug. 22, 2017). With respect to his IAC claim, Mr. Hill argued counsel was ineffective by: (1) failing to call R.B. and I.B. to testify at trial; (2) failing to seek admission of R.B. and I.B.'s forensic interviews; (3) choosing to pursue a defense that M.R.'s death resulted from an accidental fall and improper CPR; (4) failing to object to improper prosecutorial comments; (5) failing to request a jury instruction on the right of attorneys to interview witnesses; and (6) failing to rebut testimony regarding

2

Mr. Hill's reaction to M.R.'s death. *Id.* at \*3–10. A Magistrate Judge reviewed Mr. Hill's petition and issued a Report and Recommendation (R&R) that found no grounds for habeas relief and recommended that the district court deny the petition. *Id.* The district court adopted the R&R, denied Mr. Hill's habeas petition, and denied a COA.

## II. ANALYSIS

In Mr. Hill's Combined Opening Brief and Application for a Certificate of Appealability to this court, he raises only one claim: his counsel was ineffective by failing to seek admission of the forensic interviews of R.B. and I.B.[2]

Before this court may address the merits of his petition, Mr. Hill must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). To obtain a COA, Mr. Hill must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A habeas petitioner makes this showing by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack*, 529 U.S. at 484, or "that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El*, 537 U.S. at 336 (quotation marks omitted).

---

[2] Mr. Hill has waived appellate review of the other issues presented in his habeas petition to the district court by failing to address them in his briefing to this court. *See Tiger v. Workman*, 445 F.3d 1265, 1267 n.1 (10th Cir. 2006) ("In his application for a COA, Tiger lists all ten of the issues presented to the federal district court as 'issues to be raised on appeal.' However, he presents argument only on the two jury instruction issues. Thus, the other issues are waived."); *United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) ("Mr. Springfield has waived his challenge to the validity of the 1973 escape conviction that was used to enhance his federal sentence[] because he failed to address that claim in either his application for a COA or his brief on appeal.").

Because Mr. Hill's argument was rejected on the merits by the OCCA, *see Hill I*, slip op. at 3–4, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies. Under AEDPA, we may grant habeas relief only if the OCCA's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). "[W]e incorporate AEDPA's deferential treatment of state court decisions into our consideration of a habeas petitioner's request for COA." *Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015) (internal quotation marks omitted).

To support a claim of ineffective assistance of counsel, Mr. Hill "must show both that his counsel's performance 'fell below an objective standard of reasonableness' *and* that 'the deficient performance prejudiced the defense.'" *See Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Under the first-prong of the *Strickland* test, Mr. Hill must show that his counsel's performance "amounted to incompetence under 'prevailing professional norms.'" *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690). This is a highly deferential test, requiring the reviewing court to assess the reasonableness of counsel's actions "as of the time of counsel's conduct" and "strongly presume" that counsel's conduct is objectively reasonable because it "*might* have been part of a sound trial strategy." *Hanson v. Sherrod*, 797 F.3d 810, 826 (10th Cir. 2015) (quotation marks omitted). Furthermore, because we review this claim under AEDPA,

4

Mr. Hill is entitled to habeas relief only if there is no reasonable argument that his counsel satisfied *Strickland*. *See Harrington*, 562 U.S. at 105.

Mr. Hill argues that his counsel was ineffective for failing to seek admission of R.B. and I.B.'s forensic interviews as evidence. Because counsel cannot be ineffective for failing to raise a meritless argument, *see Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006), Mr. Hill's IAC claim fails unless he can show that the forensic interviews were admissible. On direct appeal, the OCCA held that counsel was not ineffective because the forensic interviews were inadmissible hearsay and the trial court would have properly overruled any attempt to admit them into evidence. *Hill I*, slip op. at 3–4; *see Mitchell v. State*, 120 P.3d 1196, 1203–04, 1206–07 (Okla. Crim. App. 2005) (holding the trial court abused its discretion by admitting, under a hearsay exception, statements made by a four-year-old in response to police questioning). On habeas review, the Magistrate Judge found the OCCA's conclusions were reasonable and that counsel did not perform deficiently because it might have been sound trial strategy not to admit the confusing and potentially prejudicial forensic interviews. *Hill II*, 2017 WL 4833486, at *4.

Mr. Hill has failed to show that the Magistrate Judge's conclusion that the OCCA acted reasonably is debatable among reasonable jurists. *See Slack*, 529 U.S. at 484. The OCCA concluded the forensic interviews were inadmissible hearsay and failed to demonstrate the sufficient indicia of trustworthiness required to satisfy Oklahoma's residual exception to the hearsay rule. *Hill I*, slip op. at 3–4 (citing Okla. Stat. tit. 12, § 2804.1(A)). Upon reviewing the forensic interviews at issue, we agree with the

5

characterization of these statements as internally inconsistent, contradictory, and

potentially prejudicial. *See id.* at 3; *Hill II*, 2017 WL 4833486, at \*3. Because there can

be no debate among reasonable jurists about whether Mr. Hill's counsel performed in a

deficient manner, he is not entitled to a COA on this issue.[3]

## III.   CONCLUSION

We DENY Mr. Hill's request for a COA and DISMISS this appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[3] To the extent Mr. Hill attempts to argue that his counsel was ineffective for failing to call R.B. and I.B. at trial, this argument is waived, *see Tiger*, 445 F.3d at 1267 n.1, and would otherwise fail on the merits. Because the attorney for R.B. and I.B. had prohibited interviews with the boys prior to trial, *Hill v. Allbaugh (Hill II)*, No. CIV-15-257-M, 2017 WL 4833486, at \*4 (W.D. Okla. Aug. 22, 2017) (citing Trial Tr., vol. 1 at 19, 24, 28, 31–32), the forensic interviews of R.B. and I.B. are the best indicator of their potential trial testimony. In reviewing this claim, the OCCA held that, given the "less than credible[] and possibly damaging" statements in R.B. and I.B.'s forensic interviews, "trial counsel's decision against calling the boys as witnesses was sound trial strategy." *Hill v. State*, No. F-2012-204, slip op. at 3 (Okla. Crim. App. Mar. 14, 2014). The Magistrate Judge concluded that the OCCA's decision was not unreasonable, *Hill II*, 2017 WL 4833486, at \*3, and Mr. Hill's counsel "could have reasonably determined that the risks of making such young children testify far outweighed the benefit of their potential testimony," *id.* at \*4 (internal quotation marks omitted). Given the inconsistent and confusing statements in the boys' forensic interviews, *see id.* at \*3 (citing Trial Ct. Exs. 3 & 4), their young age, and counsel's inability to interview them prior to having them testify, no reasonable jurist could debate the accuracy of the Magistrate Judge's conclusion. *See Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney."); *Parker v. Scott*, 394 F.3d 1302, 1322 (10th Cir. 2005) (finding it was reasonable for counsel not to call a victim's six-year-old sister as a witness where her testimony could have been detrimental to the defense and counsel was "unsure" what she would say). Therefore, even if this claim had been raised, Mr. Hill would not be entitled to a COA.