**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MELVIN RUSSELL,

    Defendant - Appellant.

No. 18-2174
(D.C. No. 1:14-CR-02563-PJK-1)
(D. N.M.)

**ORDER AND JUDGMENT***

Before **BACHARACH, SEYMOUR,** and **MCHUGH,** Circuit Judges.

On July 24, 2014, a federal grand jury returned a one-count indictment against

Melvin Russell for aggravated sexual abuse of C.E. in violation of 18 U.S.C. §§ 1153,

2241(a)(1), and 2246(2)(A). Prior to trial, the district court denied a Rule 412 motion

filed by Mr. Russell seeking to introduce evidence of C.E.'s other sexual behavior. Mr.

Russell properly preserved this issue for appeal by unsuccessfully renewing his Rule 412

motion throughout the trial. Mr. Russell also requested a lesser included offense

---

* This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

instruction for assault by striking, beating, or wounding under 18 U.S.C. § 113(a)(4). The district court denied Mr. Russell's requested instruction, and the jury subsequently found him guilty of aggravated sexual assault. He appeals and we affirm.

## I.

## Background

On May 19, 2014, C.E. went to Mr. Russell's home with her friend Rochelle Cornfield and Ms. Cornfield's young daughter to see if Mr. Russell had alcohol for them. While drinking with Mr. Russell, Ms. Cornfield became very intoxicated and fell asleep with her daughter on Mr. Russell's couch. C.E. and Mr. Russell continued talking in his kitchen and, according to C.E., Mr. Russell became aggressive and began making lewd comments about C.E.'s body. He then threw C.E. on a bed, tore off her clothing, and penetrated her. During the assault, Mr. Russell choked C.E.'s neck and threatened her with a samurai sword. Ms. Cornfield's daughter began to cry and Mr. Russell stopped, after which C.E. left with Ms. Cornfield and her daughter.

C.E. was given a ride to the emergency room of the San Juan Regional Medical Center the next evening. After she requested a rape kit, Nurse Susan Eldred performed a Sexual Assault Nurse Examination ("SANE"). As part of the exam, Nurse Eldred asked C.E. if she had vaginal intercourse with another man within five days of the assault and C.E. affirmed that she had. Nurse Eldred identified thirty-two separate injuries on C.E.'s body and another seven to her genital area. She later testified that C.E.'s internal genital injuries were consistent with "very rough handling." Rec., vol. III at 1084–85. During

2

the examination, Nurse Eldred collected samples from C.E. for DNA testing. Later tests by the FBI found Mr. Russell's DNA on C.E.'s gluteal folds and chest. None of the swabs tested positive for Mr. Russell's semen, however, and none of Mr. Russell's DNA was found on any of the vaginal, cervical, or oral swabs.[1] C.E. was also examined by Dr. Gibbs, who observed bruises to C.E.'s face, chest, abdomen, arms, legs, and external genitalia. While Dr. Gibbs characterized C.E.'s external genital injuries as "mild and minor," he did not perform an internal pelvic exam. Rec., vol. V at 212.

During an interview with FBI agents, Mr. Russell confessed to raping C.E. At trial, the jury watched a video recording of Mr. Russell's confession. In the confession, Mr. Russell admitted that he used a sword "to make things go [his] way" and that he was a "very, very violent person." Rec., vol. IV at 177, 179.

Prior to trial in 2018, Mr. Russell filed a Rule 412 motion seeking to admit as evidence C.E.'s answer to the SANE question about her recent sexual history. He argued that the alleged prior consensual sex could have been the source of C.E.'s present genital injuries. While Mr. Russell pointed to testimony from Nurse Eldred that internal genital injuries can arise from consensual sex, he did not present testimony or other evidence that C.E.'s particular injuries could have been caused by consensual sex. The district court noted that Nurse Eldred had characterized C.E.'s injuries as being consistent with violent or rough sex and that Mr. Russell had failed to provide any evidence that C.E.'s prior

---

[1] Nurse Eldred testified that C.E. told her Mr. Russell wore a condom. *See* Rec., vol. III at 1085.

sexual encounter was rough or violent. Without more evidence to support his claim, the court ruled that Mr. Russell's proffered evidence was merely speculative and could not support the admittance of C.E.'s sexual history through Rule 412(b)(1)(A) or (C).

Mr. Russell also requested a lesser included offense instruction for assault by striking, beating, or wounding under 18 U.S.C. § 113(a)(4). In denying the proposed instruction, the district court determined that evidence supporting the lesser included offense was "totally lacking." Rec., vol. V at 226. It ruled accordingly that a rational jury could not convict of the lesser offense and acquit of the greater offense.

Mr. Russell raises multiple issues on appeal, and we address each one in turn.

## II.

### Excluded Evidence of Victim's Other Sexual Behavior

We review for abuse of discretion the district court's rulings regarding the admissibility of evidence of a victim's prior sexual behavior. *See United States v. Pablo*, 696 F.3d 1280, 1297 (10th Cir. 2012). Accordingly, we will not reverse that ruling "without a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Griffin*, 389 F.3d 1100, 1103 (10th Cir. 2004) (quotation marks and citation omitted). The application of Rule 412 presents a difficult challenge because district courts must balance the alleged victim's interests in preventing "the invasion of privacy, potential embarrassment and sexual stereotyping" with the defendant's interest in receiving a fair trial. *Pablo*, 696 F.3d at 1297 (citation omitted).

## A. Federal Rule of Evidence 412(b)(1)(A)

"[E]vidence offered to prove that a victim engaged in other sexual behavior" is generally inadmissible. Fed. R. Evid. 412(a)(1). An exception arises when the evidence of a victim's prior sexual behavior is offered to prove that someone other than the accused was the source of the victim's injuries. Fed. R. Evid. 412(b)(1)(A). For the exception to apply, however, the relationship between the evidence in question and the victim's injuries must be more than "speculative." *Pablo*, 696 F.3d at 1299.

Mr. Russell argues that C.E.'s response to the SANE question concerning her recent sexual history should have been admitted as an alternative source of her injuries. He points to Nurse Eldred's testimony that vaginal injuries can result from consensual sex and that C.E. could be susceptible to easy bruising because of a liver condition. He conceded in oral argument, however, that he offered no evidence concerning the nature of C.E.'s alleged prior sexual behavior.

In *Pablo*, we affirmed the district court's exclusion of evidence that a sexual assault victim was in a state of partial undress in the presence of two other men immediately prior to the sexual assault because the evidence only had a "speculative and tenuous relationship" to the defendant's argument. *Id.* The evidence proffered by Mr. Russell is similar because it relies completely on speculation that C.E.'s specific injuries could have been caused by prior consensual sex. Due to the lack of substantive evidence, the district court had nothing on which to consider the application of the exception urged by Mr. Russell. Under these circumstances, the court clearly did not abuse its discretion

in ruling that Mr. Russell's evidence was too tenuous to invoke the exception in Rule 412(b)(1)(A).

### B. Federal Rule of Evidence 412(b)(1)(C)

A second exception to Rule 412(a) allows a trial court to admit evidence of a victim's prior sexual conduct when exclusion of that evidence would conflict with the defendant's constitutional rights. Fed. R. Evid. 412(b)(1)(C). When a defendant challenges the exclusion of evidence on constitutional grounds, we review *de novo*. *United States v. Solomon*, 399 F.3d 1231, 1239 (10th Cir. 2005). While a defendant's constitutional rights include "the right to present witnesses in his or her own defense," this right may be subject to restrictions imposed by a trial court. *United States v. Powell*, 226 F.3d 1181, 1199 (10th Cir. 2000) (citations omitted). We apply a two-part test in determining whether a defendant's constitutional rights were violated by the exclusion of evidence. *Id.* "First, we examine whether that testimony was *relevant*, and if so, whether the state's interests in excluding the evidence outweighed [the defendant's] interests in its admittance." *Id.* (emphasis in original) (quotation marks and citation omitted). The state's interests in excluding evidence may include preventing issue confusion and protecting the victim from "invasion of privacy, potential embarrassment, and stereotyping." *Id.* "Second, we examine whether the excluded testimony was *material*— whether it was of such an exculpatory nature that its exclusion affected the trial's outcome." *Id.* (emphasis in original) (quotation marks and citation omitted).

Mr. Russell contends the district court's exclusion of evidence of C.E.'s recent

sexual history violated his constitutional right to present witnesses in his defense. But this right is limited to situations involving relevant evidence where the defendant's interests in admittance outweigh the state's interests in exclusion. *See id.* While Mr. Russell again points to Nurse Eldred's testimony that vaginal injuries can result from consensual sex, he admittedly has no evidence that prior consensual sex could have caused C.E.'s specific injuries. Just as with his Rule 412(b)(1)(A) argument, Mr. Russell failed to provide the district court with any evidence to consider in applying the relevance test for Rule 412(b)(1)(C). Without more, his interests in admitting C.E.'s answers to the SANE questions do not outweigh the state's interest in protecting the victim's private, sensitive information.

Mr. Russell compares his case to *United States v. Begay*, 937 F.2d 515 (10th Cir. 1991), but his analogy is unpersuasive. Begay was charged with aggravated sexual abuse of D., a minor, and he sought to prove that D.'s injuries came from another man, John Jim, by introducing testimony of a witness who saw Jim sexually assault the victim on three separate occasions preceding the alleged sexual assault by Begay. *Id.* at 517, 519. Begay made an offer of proof and supported his claim with testimony from Dr. Wagner stating that "it was impossible to determine from the physical examination alone whether D.'s symptoms were caused by Begay or during earlier incidents with John Jim." *Id.* at 519. The district court held that Dr. Wagner's testimony was inadmissible. We reversed, reasoning that "[s]ince the prosecution relied heavily on Dr. Wagner's testimony about D.'s enlarged hymenal opening . . . , the right to defend by cross-examination showing

that the conditions could have resulted from earlier conduct with another person was crucial and protected by the Rule." *Id.* at 520 (citation omitted). *Begay* is distinguishable from the present case in significant ways. Because someone witnessed John Jim's earlier sexual assault of D., the court in *Begay* had evidence concerning the nature of the prior sexual assault to consider when applying Rule 412(b)(1)(C). *Id.* at 522–23. Here, there is a complete absence of evidence indicating that C.E.'s prior sexual behavior could have caused her injuries. Moreover, the defendant in *Begay* made an offer of proof with testimony from Dr. Wagner saying that it was impossible to tell the source of D.'s injuries. *Id.* Conversely, Mr. Russell conceded in oral argument that he did not offer similar evidence to the district court. *Begay* is thus distinguishable from this case and does not control our decision.

Without more, the contention that C.E. had consensual sex within five days of the sexual assault committed by Mr. Russell is not admissible, and we need not address the second step of this analysis. We affirm the district court's decision to exclude evidence of C.E.'s other sexual behavior.

III.

**Lesser Included Offense Instruction**

We review a trial court's decision whether to give a lesser included offense instruction for abuse of discretion. *United States v. Toledo*, 739 F.3d 562, 568 (10th Cir. 2014). That discretion is narrowly focused "on whether there is any evidence fairly tending to bear on the lesser included offense." *Id.* (quotation marks and citation

8

omitted).  We "cautioned that a trial court may properly deny a defendant's request for a lesser included offense instruction only when there is *no evidence* to reasonably support that conviction."  *Id.* (emphasis in original) (quotation marks and citation omitted).

Mr. Russell's final argument on appeal is that the district court erred by refusing to instruct the jury on the lesser included offense of assault by striking, beating, or wounding.  There are four elements for determining the appropriateness of a lesser included offense instruction:

> First, the defendant must make a proper request; second, the lesser included offense must contain some but not all of the elements of the charged offense; third, the elements differentiating the two offenses must be in dispute; and fourth, the evidence must allow the jury to rationally acquit the defendant on the greater charge and convict on the lesser charge.

*Id.* (citation omitted).  The government only disputes elements three and four.

Even assuming, without deciding, that the district court erred in denying Mr. Russell's lesser included offense instruction, any such error was harmless.  The standard we apply to harmless error review turns on whether the error is constitutional.  *United States v. Rivera*, 900 F.2d 1462, 1470 (10th Cir. 1990) (en banc).  A constitutional error may be harmless if the court is "able to declare a belief that it was harmless beyond a reasonable doubt."  *Id.* (quotation marks and citation omitted).  "A non-constitutional error is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect."  *Id.* at 1469 (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).  Neither the Supreme Court nor the Tenth Circuit has recognized a federal constitutional right to a lesser included offense instruction in a non-

capital case. *Tiger v. Workman*, 445 F.3d 1265, 1268 (10th Cir. 2006). Accordingly, we apply the less stringent standard from *Rivera* to Mr. Russell's claim of error concerning his proposed lesser included offense instruction. *See* 900 F.2d at 1470.

The evidence against Mr. Russell is overwhelming. He confessed to raping C.E. and he presented no evidence that his confession was coerced. He further admitted that he was a "very, very violent person" and that he used a sword "to make things go [his] way." Rec., vol. IV at 177, 179. The severity of C.E.'s injuries support Mr. Russell's statements. She had thirty-two separate injuries all over her body and an additional seven to her genital area. Nurse Eldred testified that C.E.'s internal genital injuries were consistent with "very rough handling." Rec., vol. III at 1084–85. In rebutting this evidence, Mr. Russell merely offered the proposition that consensual sex can cause internal genital injuries without providing any evidence that C.E.'s specific injuries could have arisen from consensual sex. Because we conclude that any potential error by the district court in denying a lesser included offense instruction neither had a "substantial influence" on the outcome nor created a "grave doubt" as to whether it had such effect, we decline to address the merits of Mr. Russell's argument. *See Rivera*, 900 F.2d at 1470.

For all the foregoing reasons, we AFFIRM.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

10