**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOE D. CHAVEZ, JR.,

    Petitioner - Appellant,

v.

STATE OF NEW MEXICO,

    Respondent - Appellee.

No. 24-2124
(D.C. No. 1:19-CV-00496-MV-JFR)
(D.N.M.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Joe Chavez is an inmate at New Mexico's Lea County Correctional Facility. Proceeding pro se, he seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A), (2). He also requests to proceed in forma pauperis (IFP) on appeal. Exercising our jurisdiction under 28 U.S.C. § 1291, we grant his application to proceed IFP but deny his application for a COA and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

A New Mexico grand jury indicted Chavez on eighteen counts related to his drug-trafficking activities, including racketeering, trafficking a controlled substance, and money laundering. In 2014, a jury convicted him on sixteen counts and acquitted him on two drug-trafficking counts (Counts 3 and 5). He was sentenced to 48 years' imprisonment. The Court of Appeals of New Mexico affirmed his convictions, and the New Mexico Supreme Court denied his petition for writ of certiorari. Chavez then filed a petition for habeas corpus in New Mexico state court, which the state district court summarily denied. The New Mexico Supreme Court denied his petition for writ of certiorari on that appeal as well.[1]

Chavez then filed his § 2254 petition in the United States District Court for the District of New Mexico. A magistrate judge recommended the district court deny his petition with prejudice and deny him a COA. *Chavez v. New Mexico*, No. 1:19-CV-00496-MV-JFR, 2023 WL 11896563, at *12 (D.N.M. May 8, 2023). The district court adopted the recommendation, dismissing the § 2254 petition on the merits and denying Chavez a COA. *Chavez v. New*

---

[1] The record reveals that the New Mexico Supreme Court initially dismissed his case for failure to perfect his appeal. But after Chavez filed a response to the court's order, the court denied his petition for writ of certiorari.

*Mexico*, No. 1:19-CV-00496-MV-JFR, 2024 WL 3593960, at *5 (D.N.M. July 30, 2024). Chavez timely appealed.

## ANALYSIS

A petitioner in state custody must obtain a COA to appeal the denial of a 28 U.S.C. § 2254 petition. § 2253(c)(1)(A). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). That standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Though we review de novo the district court's legal analysis, *see Johnson v. Martin*, 3 F.4th 1210, 1217–18 (10th Cir. 2021), when a state court has adjudicated a claim on the merits, we can grant relief only if the state-court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." §§ 2254(d)(1), (2). Clearly established federal law is limited to the Supreme Court's holdings, not its dicta. *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam). And a state-court decision violates clearly established federal law "only if *every*

3

fairminded jurist would agree" in that conclusion. *Dunn v. Reeves*, 594 U.S. 731, 740 (2021) (cleaned up).

Chavez asks this court to grant him a COA so he can raise four issues on appeal: (1) whether he suffered a double-jeopardy violation, (2) whether sufficient evidence supported his convictions, (3) whether erroneous jury instructions deprived him of a fair trial, and (4) whether he received ineffective assistance of counsel. We address each in turn.

## I.     Double-Jeopardy Violation

Chavez argues that his right against double jeopardy was violated when the state prosecutor dismissed the forfeiture proceedings against him and transferred all seized property to the federal government for federal forfeiture proceedings. The district court correctly rejected this claim, reasoning that federal and state prosecutions do not generally violate the Double Jeopardy Clause because they're brought by separate sovereigns, a reality that Chavez did not dispute in his objections to the report and recommendation. *Chavez*, 2024 WL 3593960, at *2; *see United States v. Barrett*, 496 F.3d 1079, 1118 (10th Cir. 2007) (noting that "the Supreme Court held that the Double Jeopardy Clause did not bar the federal prosecution of a criminal defendant who had previously been tried and convicted in state court for the same underlying conduct"). And the district court correctly held that Chavez had identified no other potential double-jeopardy violation. *Chavez*, 2024 WL 3593960, at *2.

4

In his application for a COA, Chavez also asserts that his retained lawyer failed to attend the federal forfeiture hearing. That assertion does not establish a double-jeopardy violation, and we address it along with his ineffective-assistance claim.

We conclude that reasonable jurists could not debate the district court's denial of his double-jeopardy claim.

## II.    Sufficiency of the Evidence

Chavez argues that because he was acquitted of two drug-trafficking counts, there was insufficient evidence to prove that he committed at least two crimes that constitute racketeering. The Court of Appeals of New Mexico affirmed Chavez's conviction, reasoning that sufficient evidence at trial supported his racketeering conviction. *State v. Chavez*, No. A-1-CA-34056, 2018 WL 5994415, at *8 (N.M. Ct. App. Oct. 30, 2018). That court found that Chavez was a member of a drug-trafficking organization that had operated as a continuing unit for at least five years and demonstrated "a high degree of planning, cooperation and coordination." *Id.* at *7 (internal quotation marks omitted). And it noted that there "was a consistent pattern of drug trafficking and money laundering," finding that Chavez "and other members of the organization were jointly involved in the common purpose of profiting from illegal acts." *Id.*

5

The district court correctly found the state-court decision was not contrary to clearly established federal law and was based on a reasonable application of the facts in the record. *Chavez*, 2024 WL 3593960, at *4. Reasonable jurists would not debate the district court's denial of this claim either.

## III.    Erroneous Jury Instructions

Chavez claims the state trial court erred in its jury instructions by not including the elements of all the possible predicate offenses for racketeering and by omitting any elements pertaining to an enterprise or a pattern of racketeering. Even if this were so, "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). Instead, to receive federal habeas relief, Chavez must show that the erroneous instructions were "so fundamentally unfair as to deny [him] due process." *Tiger v. Workman*, 445 F.3d 1265, 1267 (10th Cir. 2006). The district court concluded that the instructions were not fundamentally unfair because the trial evidence showed Chavez was substantially involved in trafficking and distributing controlled substances, and in money laundering.

*Chavez*, 2024 WL 3593960, at *5. Chavez's application for a COA fails to persuade us that the district court's decision is reasonably debatable.[2]

## IV.    Ineffective Assistance of Counsel

Chavez argues that his trial counsel was ineffective for several reasons, including failing to file several motions, failing to object to the erroneous instructions, and failing to communicate with him about whether he would represent him in the federal forfeiture proceeding. Chavez provides little to no factual assertions for those claims, and the district court correctly found that his "skin-and-bones claims" were not sufficient to meet his burden of showing prejudice under *Strickland v. Washington*, 466 U.S. 688 (1984). *Chavez*, 2024 WL 3593960, at *5.

No reasonable jurist would debate the correctness of the district court's denial of Chavez's ineffective-assistance claim.

---

[2] Chavez reasserts his argument that the jury instructions given in his case were substantively identical to jury instructions given in a different case. that the court of appeals found were erroneous. *See State v. Catt*, 435 P.3d 1255, 1261–62 (N.M. Ct. App. 2018); *Chavez*, 2024 WL 3593960, at *4. But as the district court explained, federal law was not a basis for that ruling, and a jury instruction that is erroneous under state law is not a basis for habeas relief. *See Chavez*, 2024 WL 3593960, at *4; *Estelle*, 502 U.S. at 71–72.

## CONCLUSION

We grant Chavez's application to proceed IFP but deny his application

for a COA and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge