FILED
United States Court of Appeals
Tenth Circuit

May 21, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STANLEY TERREAL WATSON,

Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,

Respondent - Appellee.

No. 18-6167
(D.C. No. 5:18-CV-00529-M)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Stanley Watson is an Oklahoma state prisoner proceeding pro se and seeks

habeas relief under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241.[1] The district court

interpreted Watson's petition as seeking relief under § 2254, denied the petition as

untimely, and declined Watson's motion for a certificate of appealability (COA).

Watson now renews his request for a COA to challenge the district court's dismissal

of his petition. We deny his request and dismiss this matter.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We are sensitive to Watson's pro se status and have liberally construed his
pleadings accordingly. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**BACKGROUND**

This is a case of tragic and senseless youth violence. On September 24, 2000, a group of high school students gathered at a rural property for a party to celebrate their annual homecoming football game. At least two fights broke out during the party and a young man was stabbed. The victim was stabbed in the back six times during one of the fights, and the fatal blow damaged the young man's aorta leading to his death. Watson was seventeen at the time of the murder.

According to Watson, "[o]ne witness testified to seeing a black male holding what was described as a large hunting knife," but "could not identify the person with the knife." Petition Under 28 U.S.C. § 2254 and/or 2241 for Writ of Habeas Corpus by A Person in State Custody at 6, *Watson v. McCollum*, No.5:18-cv-529-M, Doc. No. 1 (W.D. Okla. May 31, 2018) ("Federal Habeas Petition"). Watson further asserts that the prosecution failed to produce the murder weapon and could not offer a single witness who could testify to Watson stabbing the victim or even to seeing Watson with a knife at the party. Still, in 2001, an Oklahoma jury convicted Watson of first-degree murder and recommended a sentence of life with the possibility of parole. The state trial judge accommodated, sentencing Watson to life.[2] Watson appealed his conviction, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. *See Watson v. State*, No. F-2001-1356 (Okla. Crim. App. Nov. 4, 2002) (unpublished).

---

[2] "Under Oklahoma law, a prisoner must serve 85% of his sentence before he will be eligible for parole. For purposes of parole, a life sentence is calculated as 45 years." *Budder v. Addison*, 851 F.3d 1047, 1050 (10th Cir. 2017) (citations omitted).

On October 3, 2017, Watson sought post-conviction relief in state court. *See Watson v. State*, No. PC-2017-1131 (Okla. Crim. App. Apr. 13, 2018) ("Order Denying Subsequent Application for Post-Conviction Relief"). In his state petition for post-conviction relief, Watson argued the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which held sentences of mandatory life imprisonment without parole for juvenile offenders are unconstitutional, announced a new rule of constitutional law that was made retroactively applicable to his case in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Watson contended that because his life sentence for a crime he committed as a juvenile does not offer a meaningful opportunity for release, his sentence is unconstitutional under the principles of *Miller* and in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The OCCA concluded that Watson's argument was not procedurally barred but found his "claim without merit" because he "was not sentenced to life without the possibility of parole." Order Denying Subsequent Application for Post-Conviction Relief, *supra*, at 2.

Having exhausted his state remedies, on May 25, 2018, Watson sought federal habeas relief. In his federal habeas petition, Watson renews his argument presented to the state court and contends he lacks a meaningful opportunity to be paroled under Oklahoma law, which essentially amounts to an unconstitutional life without parole sentence for a crime he committed as a juvenile. In his petition, he further asserts that his petition is timely because an "intervening change in the law has taken place by

3

the United States Supreme Court." Federal Habeas Petition, *supra*, at 19. The magistrate judge disagreed.

Although Watson labeled his habeas petition as commencing under "§ 2254 and/or 2241," the magistrate judge noted that Watson is challenging "the validity of his underlying sentence, not how prison officials administer that sentence." Report & Recommendation at 1 n.1, *Watson v. McCollum*, No.5:18-cv-529-M, Doc. No. 7 (W.D. Okla. July 2, 2018). The magistrate judge thus determined § 2254 applies. However, the magistrate judge further concluded the petition was untimely and not subject to equitable or statutory tolling. Accordingly, the magistrate judge recommended the district court summarily dismiss the petition and deny as moot Watson's pending motion for appointment of counsel. Watson filed his objection to the report and recommendation, but the district court adopted the magistrate judge's reasoning, dismissed Watson's habeas petition, and denied his motion for appointment of counsel and his application for a certificate of appealability (COA). Watson filed a timely notice of appeal and submitted for our consideration a combined opening brief and renewed COA.

## ANALYSIS

Watson must obtain a COA before we may address the merits of his habeas petition, as it is a jurisdictional prerequisite to our review. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). To be entitled to a COA, Watson must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

4

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). In his Combined Opening Brief and COA Application, Watson raises only two claims: (1) the magistrate judge erred in interpreting his habeas petition under § 2254 instead of § 2241;[3] and (2) the district court erred in denying his application for appointment of counsel.[4] Neither argument warrants a COA.

---

[3] In what Watson labels as his second claim, he argues that because the magistrate judge recognized Watson "'may have faced "an uphill battle" had he chosen to seek relief within one year of *Miller*'s ruling before the Supreme Court announced that it was retroactive,'" "it should be safe to say that [Watson] . . . thought he had cause for a § 2244 bypass to bring his cause under an alternative jurisdiction in a § 2241 petition." Appellant's Combined Opening Br. & COA Application at 10 (quoting Report & Recommendation, *supra*, at 7). But he then concludes his discussion of that claim by saying, "The district court erred in understanding the facts and applied § 2244 incorrectly to Petitioner's claims brought under § 2241." *Id.* at 11. Thus, although presented as two separate issues, Watson is challenging the magistrate judge's characterization and analysis of the petition under § 2254 instead of under § 2241 in his first and second claims. We will accordingly analyze them as a single challenge to the characterization of his habeas petition.

[4] It is important to note that although Watson vigorously challenged the magistrate judge's timeliness analysis in his objection to the report and recommendation, he does not raise any argument concerning the timeliness of his petition under 28 U.S.C. § 2244(d) in his Combined Opening Brief and COA Application. Instead, he focuses solely on the issues of whether his petition should have been interpreted under § 2241 such that his petition would not be subject to the one-year limitation of § 2244(d) and whether he should have been appointed counsel. Thus, for our purposes, any argument Watson may have made before the district court regarding the timeliness of his § 2254 petition under § 2244(d) has been waived. *See Hill v. Allbaugh*, 735 F. App'x 520, 522 n.2 (10th Cir. 2018) (noting petitioner "has waived appellate review of the other issues presented in his habeas petition to the district court by failing to address them in his briefing to this court"); *Tiger v. Workman*, 445 F.3d 1265, 1267 n.1 (10th Cir. 2006) ("In his application for a COA, Tiger lists all ten of the issues presented to the federal district court as 'issues to be raised on appeal.' However, he presents argument only on the two jury instruction issues. Thus, the other issues are waived." (alteration omitted)); *United*

**A. The Characterization of Watson's Habeas Petition**

The focus of Watson's Combined Opening Brief and COA Application is the contention that the magistrate judge inappropriately analyzed his federal habeas petition solely under § 2254. Instead, Watson argues the magistrate judge should have also analyzed the petition under the standards of § 2241. Although it is a creative argument, Watson misunderstands the difference between § 2241 and § 2254 habeas corpus petitions.

Section 2254, in relevant part, allows a state prisoner to challenge the validity and constitutionality of a sentence he is currently serving. *See Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). In contrast, a § 2241 petition does not oppose the sentence or conviction itself, but instead objects to the legality of how that otherwise constitutional sentence is being carried out by prison officials. *See id.* at 833; *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citations omitted)).

Here, Watson contends "his life sentence for a crime committed as a juvenile is unconstitutional" because "it lacks a minimum nor maximum attached to it" and thus deprives Watson of "a realistic/meaningful opportunity for release on a parole

---

*States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (stating a habeas petitioner waives an argument on appeal by failing to raise it "in either his application for a COA or his brief on appeal").

plan solely for juvenile offenders." Appellant's Combined Opening Br. & COA Application at 11. In no uncertain terms, Watson is challenging the constitutionality of his sentence. No matter how many times Watson says he is attacking the "execution" of his sentence, he is mistaken. His argument unequivocally challenges the legality and validity of his life sentence, not how the Oklahoma prison officials are carrying out that sentence. No reasonable jurist would disagree with or even question the magistrate judge's characterization and interpretation of Watson's petition under the parameters of § 2254, and Watson's argument to the contrary is without merit.

## B. Appointment of Counsel

Watson next argues the district court erred in denying his motion for appointment of counsel because of the claim's legal and factual complexity. But we have made clear "that there is no constitutional right to counsel beyond the appeal of a criminal conviction, and that generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Given the magistrate judge's conclusions regarding the untimeliness of Watson's petition, which Watson does not challenge in his Combined Opening Brief and COA Application, we cannot say the district court abused its discretion in refusing to appoint counsel. No reasonable jurist would conclude otherwise.

## CONCLUSION

For the foregoing reasons, we DENY Watson's request for a COA and DISMISS this appeal.[5]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[5] We note that Watson filed, as an appendix to his habeas petition, proof that he completed twenty-nine rehabilitation programs during his incarceration. While these commendable efforts do not impact our decision, they might be relevant at a later stage, such as parole.